IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EHRICK F. DELGADO HERNANDEZ,

Petitioner,

v().

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 06-1952 (JAG)
Criminal No. 01-750 (JAG)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Above petitioner Ehrick F. Delgado Hernández (hereinafter "petitioner" or "Delgado-Hernández") filed a motion and affidavit in support of motion for post-conviction relief under Title 28, United States Code, Section 2255, seeking to vacate his conviction and sentence imposed after having entered a plea of guilty to two counts of the Superseding Indictment in Criminal No. 01-750 (JAG). Petitioner avers ineffective assistance of counsel at appellate level for failure to include in the direct appeal that the district court entered judgment for a crime not charged in the indictment. Petitioner submits that, had appellate counsel informed the court of appeals as to this issue, there was a reasonable likelihood the appellate court would have found plain error and could have reversed Count Two insofar as the charged violation under Title 18, United States Code, Section 924(c)(1((A) that he knowingly possess a firearm in furtherance of a drug trafficking crime. Delgado Hernández had also entered a plea of guilty as to Count One of the Superseding Indictment which charged an unlawful conspiracy to possess and distribute heroin and cocaine in violation of Title 21, United States Code, Section 846. (**Docket No. 1**).

On November 13, 2007, the government filed its response to above petition. (**Docket No**. **4**). These motions were referred to this Magistrate Judge for report and recommendation. (**Docket No. 6**).

## PROCEDURAL BACKGROUND

On August 28, 2002, above petitioner was charged in the Superseding Indictment with two counts and a forfeiture allegation.

Count One charged petitioner with, beginning not later than December 2000 through on or about December 20013, together with other co-defendants, they knowingly, unlawfully, and intentionally combine, conspire, and agree with one another, and with others to the Grand Jury known and unknown, to possess with intent to distribute, and to distribute, ore than one (1) kilogram of heroin, a Schedule I Controlled Substance, and/or more than five (5) kilograms or more of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 846.

Count Two charged petitioner that on divers occasions from December 2000 through December 2001, he did knowingly possess a firearm in furtherance of a drug trafficking crime, to wit: an unlawful conspiracy to possess and distribute heroin and cocaine in violation of Title 21, United States Code, Section 846, as charged in Count One. All in violation of Title 21, United States Code, Section 924(c)(1)(A).

On April 28, 2003, petitioner pled guilty to Counts One and Two of the Superseding Indictment. Thereafter, the government requested a supplemental Rule 11 hearing since, upon

reviewing the record of the initial change of plea, the government had not set forth in the proceedings the factual basis for the defendant's guilty plea as to Count Two.  On June 20, 2003, the supplemental hearing was conducted by the presiding judge. The government indicated at the supplemental hearing that, in regards with the Section 924(c) charged in Count Two as to the firearm, the court records showed that a firearm had been seized from the defendant at the time of his arrest, it was found inside his automobile.  The request to suppress such evidence, which had been denied, had also established the arresting officers were expecting to find a firearm in defendant's possession on account of at least two intercepted telephone conversations where defendant in coded language talked about carrying a firearm in connection with drug related activities.  The government proposed a two-fold assessment by the court, to refer to the previous court record on the prior Rule 11 proceedings where the calls were introduced in evidence, as well as to the evidence which had been presented regarding the seizure of the firearm.  The government then briefly recited for the court its factual basis to prove, had it been necessary, the required elements of Count Two.

Upon addressing the defendant personally in regard to the supplemental Rule 11 proceedings, the record shows defendant, a college educated individual, understood the English language and had no need to be assisted by an interpreter.  Count Two was read to the defendant, who was assisted by his counsel, as to the possession of a firearm in furtherance of a drug trafficking crime, Count One, which he had entered on April 28, 2003. The government presented its factual basis, making reference to telephone conversations where defendant had discussed the possession of firearms in connection with his drug trafficking activities, and to the

fact that upon his arrest on December 10, 2001, he was found with a semiautomatic pistol that was seized from defendant's vehicle outside his apartment and which had been subject of a motion to suppress. The Court addressed the defendant personally as to whether he agreed with the government version with respect to Count Two, and upon a conference with his counsel, defendant answered in the affirmative. *Criminal No. 01-750, Docket No. 644, transcript supplemental Rule 11, p. 9.*

In accordance with defendant's plea agreement, at the time of sentencing, he was held accountable for three (3) kilograms of cocaine, which reduced the statutory minimum sentence from ten (10) years to five (5) years, and the statutory maximum sentence from life to forty (40) years, in regard with Count One. As to Count Two, defendant was sentenced to the mandatory sixty (60) months consecutive to the sentence imposed in Count One. As such, defendant was sentenced to eighty four (84) months for the controlled substance offense and sixty (60) months consecutive for the firearms violation, for a total of one hundred and forty four months (144) of incarceration. The forfeiture count was limited, per the parties plea agreement, to the amount of $111,000, and any figure that exceeded same was to be returned to defendant.

Petitioner now submits this petition for post-conviction relief in regards to Count Two, for the lack of a factual basis since the statement of facts incorporated to the plea agreement nor the presentence report mentioned the firearm and the representations at the supplemental hearing made by the government were false. Petitioner argues the tape recorded conversations which were presented at the suppression hearing, and which evidence was incorporated by the Court in regards to the Rule 11 proceedings, did not demonstrate that Delgado-Hernández

possessed the firearm "in connection with" the conspiracy charged in Count One. Since the sentence imposed by the court indicated that as to Count Two it was "for carrying a firearm" in relation to a drug trafficking crime, a crime for which defendant was not charged and to which he did not enter a plea, petitioner now claims his due process was also violated, which in addition to the ineffectiveness of his counsel, should allow him this post-conviction relief.

At the time of imposition of sentence on June 14, 2004, the court admitted to be a Rule 11 (e)(1)(C) type of plea, upon which was considered the amount of drugs that were attributed under the plea agreement, to be at least two (2) but less than 3.5 kilograms of cocaine, as well as a three-level decrease for acceptance of responsibility as to Count One. Count Two carried a fixed consecutive imprisonment term of five (5) years. *Docket No. 616, transcript of sentence, p. 8*. Defendant was thus sentenced as previously agreed to a total of one hundred and forty four months (144) of incarceration, four (4) years of supervised release, and the special monetary assessment required as to each count, in addition to the forfeiture agreed upon not to exceed $111,000.

Defendant filed a timely appeal to the above sentence raising there had been a misdescription of the offense at the plea hearing as well as a failure to disclose factual basis for the firearm offense. The Court of Appeals for the First Circuit found the district court had not committed plain error in violation of due process when it misinformed defendant by referring to possession of firearm "in connection with" a drug trafficking offense, rather than "in furtherance of" drug trafficking. The Court of Appeals for the First Circuit ruled that any error, as to the degree of these two (2) formulations, did not affect the substantial rights of a defendant

whose indictment and plea agreement correctly used the statutory "in furtherance of" language for the offense charged. However, herein petitioner claims that, had appellate counsel informed the appellate court that the judgment had been entered as to defendant Delgado-Hernández for a crime not charged in the Superseding Indictment, that is, "carrying a firearm" instead of the one charged in Count Two of "possession of firearm" there was a reasonable probability said court would have found plain error and reversed the conviction under Count Two. Because of such omission, petitioner avers that counsel should be considered to be ineffective for defective performance. Furthermore, petitioner submits that his conviction violates due process because it lacks a rational basis in fact on the record, the courts' incorrect understanding of the offense to support a guilty plea to possession of a firearm in furtherance of a drug trafficking offense, and the court of appeals finding that the government's tape recording evidence did not support its position.

## LEGAL DISCUSSION

**A. Ineffective Assistance of Appellate Counsel**.

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687 (1984). *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States

v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Pursuant to Strickland, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.  In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

In the instant case, petitioner avers ineffective assistance of counsel because his appellate counsel failed to present in the appeal that the district court had entered judgment for a crime not charged in the indictment.  Appellate counsel assumed the district court had convicted defendant of possession of a firearm in furtherance of a drug trafficking crime but failed to notice that the district court convicted herein petitioner of carrying a firearm in relation to a drug trafficking crime.  Petitioner claims his counsel was ineffective in not rasing this issue on appeal. Thus, petitioner alleges his conviction as to Count Two should be vacated.

Petitioner submits the Court of Appeals also assumed the district court had taken the plea to possession in furtherance of a drug trafficking crime and conducted a plain error analysis. It found error, but not prejudicial error for there being a rational basis in fact to support the defendant's guilty plea to possession of a firearm in furtherance of a drug trafficking crime, when in fact the district court had entered judgment of conviction for carrying a firearm during and in relation to a drug trafficking offense, which the indictment did not charge.

Petitioner, facing thus a multitude of mistakes from his trial counsel to the district court and to appellate counsel and to the mistatement of the court of appeals, under the totality of the evidence test, had counsel not been ineffective, petitioner's conviction as to Count Two would have been overturned and the case remanded for further proceedings.  Lacking a factual basis for such Count Two, upon remand, the court may have stricken Count Two and the resulting errors would not have been prejudicial.

Notwithstanding the correctness of the wording used at the time of sentencing and the omission by appellate counsel, petitioner's claim for post-conviction relief rests in that the government did not establish a factual basis for the offense charged in Count Two, as to which defendant entered his guilty plea.

The record shows the government did not rest solely in that the weapon was seized at the time the defendant was arrested.  Defendant considers he was not in possession of the weapon which was found inside his vehicle and there were no drugs found at the time in the residence or in the vehicle.  The government also proffered the recorded conversations wherein defendant had discussed the use of firearm in relation to the drug trafficking offense.  During the plea colloquy at the supplemental Rule 11 hearing, defendant admitted to the government's statement as to what was charged in Count Two, was what he had done.

Furthermore, at the plea colloquy, the record of the suppression hearing regarding the firearm found at the time defendant was arrested was also incorporated.  The Court, without

objection of any of the parties, also took judicial notice of the prior record in the case which stated more or less the facts underlying Count Two. *Criminal No. 01-750, Docket No. 644, p. 7*. This record of the suppression hearing established, as was determined by the court, the firearm was found during the search of the defendant's vehicle on December 10, 2001 –which date is covered by the conspiracy in Count One– reference was made to the recorded conversations of defendant as to the use of firearms.  At the supplemental Rule 11 hearing in regard to Count Two, the Court read to defendant Count Two, in that he was charged to knowingly possess a firearm in furtherance of a drug trafficking crime, the one charged in Count One.  *Id. p. 6*.  Thereafter, the government submitted as factual basis for the plea, the government agents had intercepted several calls, identified as calls 70, 71, 216 and 572, made part of the record of the motion to suppress, wherein in coded language defendant in two (2) of those calls discussed the possession of firearm in connection with his drug trafficking activities. *Id. pp. 7-8*. The government also indicated at the time of his arrest, defendant was found with a semiautomatic pistol which was seized from his automobile parked outside his apartment. This factual basis referred to possession of firearm in connection to drug trafficking, although trial counsel clarified the defendant was arrested inside his apartment and not in his car. *Id. p. 9*.

At the time of sentencing on July 28, 2003, the court referred to Count Two as the carrying of a firearm during and in relation to a drug trafficking offense. *Criminal No. 01-750,*

*Docket No. 616, p. 7.* The sentencing form was filed and entered on July 29, 2003. *Criminal No. 01-750, Docket No. 481.*

The appeal was thereafter filed and indicated defendant had been convicted upon entering a plea to a conspiracy count to possess with intent to distribute cocaine and heroin and one count of possession of a firearm in furtherance of a drug trafficking offense. The record on appeal and its published opinion shows petitioner's claims have merit since there is a serious discrepancy as to the offense charged in Count Two of the Superseding Indictment and the offense for which the defendant was sentenced. United States v. Delgado, 420 F.3d 16 (1st Cir. 2005).

The Court of Appeals for the First Circuit discussed the factual basis for defendant's plea to Count Two of the Superseding Indictment. It indicated Delgado Hernández did not dispute that he knowingly possessed a firearm nor that he committed a drug-trafficking crime by participating in the drug conspiracy charged in Count One. At the appeal, defendant solely challenged the factual basis for the "in furtherance of" element of the firearm possession charge. United States v. Delgado, 420 F.3d at 27.

First, it must be noted that petitioner's satisfaction with his counsel was manifested in paragraph 11 of the Plea Agreement, which was signed by petitioner, in which it is stated that "[t]he defendant represents to the Court to be satisfied with counsel Robert Odasz, and indicates that counsel has rendered effective legal assistance." Petitioner's satisfaction with his counsel

was confirmed at the Change of Plea hearing when petitioner was questioned and indicated he was satisfied with the representation and advise given to him by his counsel.

However, petitioner's claims of ineffective assistance of counsel evolve as to his appellate counsel's ineffective assistance for failing to raise the plain error that he had been sentenced for an offense he did not commit and even one that the government lacked a factual basis as could be verified by the Rule 11 proceedings.

## B. Due Process.

There is no contention in opposition that petitioner benefitted from entering a plea of guilty in this case because he was exposed to a reduced sentence as to Count One. Still, the written plea agreement, its attached statement of facts, the Rule 11 proceedings and the supplemental Rule 11 proceedings, as well as the appellate proceedings which failed to raise the contention, do not conform the path of errors in the case with the expected due process considerations as to Count Two.

First, a plea agreement is equivalent to a contract between the parties. The parties are expected to conform their covenants of a contract such as a plea agreement, yet it must fall within constitutional parameters.

For a plea agreement to be valid, the government must have proffered supported credible evidence or at least there an admission, colloquy, proffer, or some other basis for thinking that the defendant is at least arguably guilty for the offense object of the plea.  United

States v. Gandía-Maysonet, 227 F.3d 1 (1st Cir. 2000).[1] The Court of Appeals in examining the whole record made available observed the government taped recordings were proffered at district court level to establish the firearm possession but not the necessary nexus between the firearm possession and the drug conspiracy. Even the translated transcripts of the intercepted phone calls played at the suppression hearing that the sentencing court took judicial notice of, were not part of the record of the suppression hearing. The government played the calls only to support the agent's testimony they had reason to believe Delgado-Hernández had a firearm when they elicited the consent to search his vehicle which was parked outside but not to show that he possessed the firearm for any particular purpose. As such, the Court of Appeals considered the district court's judicial notice of the record did not aid to the factual basis for the "in furtherance of" element of the firearm possession charge. In addition, the pre-sentence report from which the sentencing court could have gleaned a factual basis before entering judgment against Delgado-Hernández as to Count Two, makes no reference to the factual basis for Count Two. Under the above premises, the Court of Appeals determined the district court had committed plain error. What the Court of Appeals discussed thereafter was that the defendant had failed to establish prejudice or in other words that the error affected his substantial rights and that it seriously impaired the fairness, integrity, or public reputation of the proceedings. United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005).

---

[1] Fed.R.Crim.P. 11(b)(3) as to whether there is a factual basis for the plea before entering judgment the court should determine not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence. Gandia-Maysonet, 227 F.3d at 6.

Additionally, the Court of Appeals in examining the recorded translated conversations transcripts submitted as to the "in furtherance of" element of the relevant recorded phone calls indicated these were not iron-clad as to the factual basis for a guilty plea but taking also other elements inferred from other facts admitted by the defendant, could lead to determine that Delgado-Hernández possessed the firearm seized from the rental car to resolve problems regarding the drug conspiracy offense.

However, under the above described scenario of the defendant's admissions before the district court regarding possession of the firearm,[2] and the sentencing as to this defendant being imposed for carrying a firearm, an issue which was not brought on appeal because of the asserted ineffectiveness of counsel, the factual basis cannot be so clearly inferred merely as a plain error that resulted in no prejudice to defendant. Had appellate counsel filed arguments relying on the preciseness of the record, it was more likely than not that the case would have been remanded.

Insofar as the post-conviction motion, the government concedes that defendant Delgado-Hernández was charged in Count Two with knowingly possessing a firearm in furtherance of a drug trafficking crime but the conviction and sentence was imposed for carrying a firearm during and in relation to a drug trafficking offense. Thus, the government agrees the reason adduced by Delgado-Hernández' timely §2255 motion had merit in that his conviction

---

[2] United States v. Cheal, 389 F.3d 35 (1st Cir. 2004) (the district court could rely on defendant's admissions or from the government's presentation to find the factual basis for a plea). In the instant case, both origins are not a consonant and derived in a fluent outline leading to a relevant sentence.

as to Count Two be vacated. The government submits the defendant be sentenced *nunc pro tunc* in acknowledging that appellate counsel was ineffective for failing to challenge on appeal that the district court had entered a judgment against defendant for a crime not charged in the Superseding Indictment. *Civil No. 06-1952, Docket No. 4, pp. 2-4.*

The change of plea and the supplemental change of plea transcripts show defendant was informed and pleaded guilty therein to Count Two as "knowingly possessing a firearm in furtherance of the conspiracy described in Count One. *Criminal No. 01-750, Docket Nos. 615, 644*. The judicial notice proposed by the government and taken by the Court refers to previous Rule 11 proceedings and to a suppression hearing wherein the possession of the firearm located at the vehicle was discussed not the carrying prong of the firearm. The government's reference to available evidence of recorded conversations also referred to the possession of firearm in connection with drug trafficking activities. *Criminal No. 01-750, Docket No. 644, p. 8*. The written plea agreement referred to Count Two as charging defendant with knowingly possessed a firearm in furtherance of the conspiracy. *Criminal No. 01-750, Docket No. 346, p. 2 (b)*.

However, the transcript of the sentencing hearing indicates the sentencing court read Count Two as one charging "the carrying of a firearm during and in relation to a drug trafficking offense". *Docket No. 616, p. 7*. The judgment entered referred also to Count Two carrying of a firearm during and in relation to a drug trafficking offense, as well as the Amended Judgment. *Criminal No. 01-750, Docket Nos. 481, 588.*

Ehrick F. Delgado Hernández  v. United States of America
Civil No. 06-1952 (JAG)
Criminal No. 01-750 (JAG)
Report and Recommendation
Page 15

      The Court of Appeals for the First Circuit discussed the grounds raised by counsel as to Count Two solely as to possession of firearm in furtherance of a drug trafficking offense, without receiving any arguments that defendant had been sentenced for the offense of carrying a firearm in connection with drug trafficking offense.

      A defendant cannot carry a firearm without possessing it, but may well possess a firearm without carrying it, for it entails two separate offenses.  See United States v. Gill, 513 F.3d 836 (8th Cir. 2008). The first offense requires a finding that the defendant "used or carried" a firearm, while the second "merely requires possession".[3]  Muscarello v. United States, 516 U.S. 137, 144, 116 S.Ct. 501 (1995).  Thus, carrying must fall within the definition of possess, but possession does not entail carrying, and herein defendant had pleaded guilty to the offense of possession as charged in Count Two but was sentenced for a crime he did not commit of carrying a firearm.  Lacking a basis in fact for the offense of carrying a firearm and there being a non-clad evidence even as to the crime of possession, it raises some concerns as to how appellate counsel failed to address such an issue, even though we must now recognize that the government, the sentencing court, nor the probation office assisted in making such a distinction.

      Taking into account the compilation of mistakes and under the totality of the evidence on record, petitioner's counsel may be considered ineffective upon failing to raise grounds that

---

[3]  Section 924(c) lists two (2) separate offenses: 1) using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, and 2) possessing a firearm in furtherance of a crime of violence or drug trafficking crime. See United States v. Gamboa, 439 F.3d 796, 810 (8th Cir.2006); see also United States v. Combs, 369 F.3d 925, 930-33 (6th Cir. 2004).

would have been sufficient to establish a plain error examination on appeal. Under such a factual scenario, the record as to Count Two would result in a due process violation.[4]

## C. Remedies.

Petitioner prays he should be restored to the position he would have occupied had ineffective assistance of counsel or his due process violation had not taken place. As equitable remedy, petitioner submits Count Two should be reversed and the matter be remanded to trial court for further proceedings which may establish if the government indeed has a factual basis for Count Two.

The government's recommended remedy, on the other hand, is that defendant be re-sentence *nunc pro tunc* which reinstates an opportunity to raise a new appeal.

As to the former, if the government is able to establish a factual basis to support Count Two, defendant would still be entitled to re-sentence as to said count. Another alternative as to re-sentence is the possibility that the government may establish the firearm seized at the time of arrest be considered as a two (2) point sentencing guideline increase under §2D1.1(b)(1) as part of Count One, if so recommended by the Probation Office's pre-sentence report at the time of re-sentence,[5] for which the court may consider at re-sentencing to review its sentence without

---

[4] Charging all necessary elements for possession of a firearm in furtherance of a drug trafficking crime does not charge all elements necessary for the offense of using or carrying a firearm during and in relation to a drug trafficking crime.

[5] U.S.S.G. §2D1.1, cmt. n.3 (U.S.S.G. §2.D1.1(b)(1) - authorizing increase for drug offenses if a dangerous weapon, including a firearm, was possessed, and should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.

Ehrick F. Delgado Hernández v. United States of America
Civil No. 06-1952 (JAG)
Criminal No. 01-750 (JAG)
Report and Recommendation
Page 17

a conviction under Count Two.[6] Thereunder, defendant would still be facing a sentence that is lower to the one imposed pursuant to the plea agreement as to Count One.

In the alternative, lacking a factual basis for the offense in Count Two or even for the two (2) point enhancement under the sentencing guideline,[7] the Court may consider to re-sentence defendant solely as to Count One, reaffirming its prior sentence *nunc pro tunc* as to Count One.

In any of above scenarios, defendant may be entitled to a remedy and it is for the sentencing court to determine its extent.

## CONCLUSION

In view of the foregoing, it is recommended that above petitioner's §2255 motion for post-conviction relief be GRANTED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

---

[6] The Court of Appeals indicated Delgado Hernández did not dispute that he knowingly possessed a firearm nor that he committed a drug trafficking crime, only the factual basis for the "in furtherance of" element of the firearm possession charge.

[7] In the instant case the defendant was arrested in a multiple stories apartment complex in Isla Verde, where no drugs were found, and the firearm was located inside the locked vehicle parked downstairs in the outside area of the apartment complex parking facilities.

Ehrick F. Delgado Hernández v. United States of America
Civil No. 06-1952 (JAG)
Criminal No. 01-750 (JAG)
Report and Recommendation
Page 18

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 11th day of March of 2008.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE